TINKLER *v*. BURKS.

4-6692                160 S. W. 2d 222

Opinion delivered March 30, 1942.

*Chas. W. Garner,* for appellant.

*Ralph Morrow,* for appellee.

GRIFFIN SMITH, C. J. Correctness of a determination adverse to exceptions to the master's report is questioned.

Tinkler and Burks became partners in July, 1939,[1] the object being to buy, wreck, and sell materials from old buildings, and to engage in kindred enterprises, with

---

[1] There is testimony that the association on a partnership basis began as early as April, 1939. The date is not important.

a yard and office at 2506 West Tenth street. Dissolution of the partnership was decreed as a result of Tinkler's complaint of October 24, 1940. At the plaintiff's request a master was appointed. Hearings convinced the chancellor's agent [2] that a book indorsement approved by Tinkler September 23, 1940, was binding. The notation is: "Owe A. L. Burks in all $278.75." Tinkler insists no detailed statement was made at that time. He did not know whether the books were correct, but admitted having o. k.'d the entry. In identifying this balance the questions were put to Tinkler, "That is what you say you owed Burks October 5, 1940? A. Yes, sir. Q. If you wish to deny it, say it now. A. According to the way the buildings were purchased and what they had me charged with, it is correct. I never saw tickets on the buildings and am not acquainted with how much we had on hand at any time. I never questioned the amount of cash. [In response to inquiries] I would just get an off-hand answer."

When asked whether suit was brought because he was not told what was going on, Tinkler replied that he did not know "where he stood." He quit working about October 10, 1940, and thereafter did not interfere with what was being done.

The initial arrangements provided that Tinkler should stay in the office, or on the yard, while Burks, who was experienced in salvaging, should make purchases and direct demolition. In October, 1939, Dora Burks, wife of A. L. Burks, assumed duties as bookkeeper. She intervened, claiming $1,000 as reasonable salary, the contention being that she had been employed by her husband and Tinkler. The demand was disallowed. A. L. Burks filed exceptions, as did Dora Burks, but appeals were not perfected.

A decree was rendered June 16, 1941, with judgment for Burks for $288.94, less $119.76 reported by the master-receiver as having been retained by Burks, and less $15 representing half of the cost. Net judgment was $154.18.

---

[2] Otis Nixon was commissioned by the chancellor to state an account. He is referred to in appellant's brief as master-receiver.

In an order of December 4, 1940, the court, "upon agreement of the parties," directed Tinkler to take charge of all partnership assets, upon payment of $437.50. A lien was declared to secure payment of debts, as shown in the margin.[3]

Seemingly the disagreements relate to conduct covering the full period of partnership, appellant's purpose being to disregard the settlement of September 23, 1940.

This, of course, should be done if Burk's fraud motivated the seeming accord, or if a mutual mistake of fact is shown.

We are impressed with the frankness of Tinkler's testimony, and his apparent purpose not to over-emphasize or distort transactions in respect of which exact knowledge was lacking. On the other hand, it is extremely difficult to state an account from the testimony, which was taken before the master in the form of depositions. Correctness of appellant's contentions in particular instances depends upon an antecedent transaction. Since the prologue, in the main, is more involved, than the sequence, the process of unraveling would probably be productive of greater error than that complained of by appellant, assuming for this statement his testimony was true and that Burks' was erroneous. We find nothing but inferences suggesting that either has engaged in misrepresentations, and these inferences, of course, arise because each litigant believes the other has taken an unwarranted advantage. Since definite testimony justifying revision of the judgment and decree is lacking, affirmance is necessary.

---

[3] The lien was ". . . to secure the payment of any individual debts hereinafter by the court found to be due from the said David H. Tinkler to the said A. L. Burks, not to exceed the sum of $288."